```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                       :

KAMIEO CAINES,                                      :

                                        Plaintiff,      :           1:17-cv-7688-GHW

                                                               :
                               -v -                             :          <u>ORDER AND OPINION</u>
                                                                  :

CAPT. RUTHERFORD #1367 DEPARTMENT   :
OF CORR. SUPERVISOR,
                                                                   :

                                            Defendant.   :
                                                                    :
---------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       On February 21, 2017, defendant Captain Rutherford sprayed Kamieo Caines, an inmate at Rikers Island, with chemical agents. Mr. Caines suffered eye injuries as a result, and he filed this lawsuit against Captain Rutherford alleging that Captain Rutherford used excessive force during the incident. Between the February 21, 2017 incident and the filing of this lawsuit, however, Mr. Caines signed a general release in connection with the settlement of a separate lawsuit. The release discharged past and present officials and employees of the New York City Department of Correction (the "DOC") from liability for any claims from the beginning of the world through June 13, 2017. Consequently, and for the reasons set forth in below, Captain Rutherford's motion for summary judgment is granted.

**I.    BACKGROUND**

       On October 28, 2016, Mr. Caines, proceeding *pro se*, filed a lawsuit in the Southern District of New York against five DOC correction officers. *Caines v. City of New York, et al.*, 16-cv-8454-JMF-DCF ("*Caines I*"). In *Caines I*, Mr. Caines alleged that the officers violated his constitutional rights by spraying him with chemical agents on August 31, 2016. Declaration of Evan Jaffe, Dkt.

No. 13, Ex. A, at 4. On or about June 13, 2017, the parties in *Caines I* reached a settlement. *Id.*, Ex. C. In connection with that settlement, on June 13, 2017, Mr. Caines executed a general release. *Id.*, Ex B (the "General Release"). The General Release stated, in relevant part, that "in consideration of the payment" of $1,000.00, paid to him by the City of New York, Mr. Caines:

> release[s] and discharge[s] . . . all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of [his] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release . . . .

*Id.* Mr. Caines affirmed that he read and understood the terms of the General Release. *Id.*

On October 6, 2017, nearly one year filing the complaint in *Caines I*, Mr. Caines, again proceeding *pro se*, filed this lawsuit against Captain Rutherford. Compl. (Dkt. No. 2). Here, Mr. Caines alleges that Captain Rutherford assaulted him with chemical agents on February 21, 2017 in violation of Mr. Caines's constitutional rights. Compl. at 2, 5. Mr. Caines further alleges that he suffered permanent injury to his eyes as a result. *Id.* at 6.

On January 17, 2018, Captain Rutherford moved for summary judgment. Dkt. No. 11. He contends that Mr. Caines released any claims arising out of the February 21, 2017 incident when he signed the General Release in *Caines I*. Plaintiff failed to file an opposition.

II. **LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting former Fed. R. Civ. P. 56(c))). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for

2

the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citations omitted). The plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586 (citations omitted), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citation omitted). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying th[e] [summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."). "Assessments of credibility and choices between conflicting versions of the events are

3

matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citation omitted).

In general, a motion for summary judgment may be granted in a contract dispute only when the contractual language on which the moving party's case rests is found to be wholly unambiguous. *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 157 (2d Cir. 2000). Unambiguous language has "a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself and concerning which there is no reasonable basis for a difference in opinion." *Seiden Assoc. Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) (internal quotation marks and citation omitted).

Finally, the Court notes, in light of Mr. Caines's failure to oppose the motion, that proceeding *pro se* "does not . . . relieve [the opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, No. 00-cv-8594, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003).

## III. DISCUSSION

Under New York law, "[r]eleases are contracts and their interpretation is governed by principles of contract law." *Shklovskiy v. Khan*, 709 N.Y.S.2d 208, 209 (N.Y. App. Div. 2d Dep't 2000).[1] When "the language of a release is clear and unambiguous, the signing of the release is a 'jurial act' binding on the parties." *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 929 N.Y.S.2d 3, 8 (N.Y. 2011) (quoting *Booth v. 3669 Delaware*, 680 N.Y.S.2d 899, 900 (N.Y. 1998)). "A release may be invalidated, however, for any of 'the traditional bases for setting aside written

---

[1] This principle applies equally in cases involving *pro se* plaintiffs. *Cuadrado v. Zito*, No. 13-cv-3321-VB, 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014) (citing *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21 (2d Cir. 2011)); *see also Case v. City of New York*, No. 12-cv-2189-AJN-AJP, 2012 WL 5951296 (S.D.N.Y. Nov. 28, 2012) (holding that the written offer and acceptances between the *pro se* plaintiff and City defendant formed a valid and binding settlement agreement).

4

agreements, namely, duress, illegality, fraud, or mutual mistake.'" *Id.* (quoting *Mangini v. McClurg*, 24 N.Y.2d 556, 563 (N.Y. 1969)).

Mr. Caines, as the "releasor" agreed to release "all past and present officials, employees, representatives, and agents of the City of New York . . . from any and all liability, claims, or rights of action alleging a violation of [his] civil rights . . . from the beginning of the world to the date of this General Release," which was June 13, 2017. General Release; *see Cuadrado*, 2014 WL 1508609, at *2 (holding that identical wording was unambiguous). Captain Rutherford, a DOC employee, is a "past or present employee" of the City of New York. Defendant's Statement of Undisputed Facts, Dkt. No. 12, ¶ 8. Furthermore, Mr. Caines alleges that his civil rights were violated when a correction officer sprayed him with a chemical agent on February 21, 2017. *See* Compl. at 5-6. Such a claim asserts "a violation of [Mr. Caines's] civil rights" that occurred between the "beginning of the world" and June 13, 2017. Therefore, the claim asserted here is within the scope of the General Release, and was released by Mr. Caines when he executed the General Release. *See A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 675, 916 N.Y.S.2d 194, 196 (2011) (quoting *Lucio v. Curran*, 2 N.Y.2d 157, 161-162, N.Y. 1956)) ("[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.").

To the extent that Mr. Caines might argue that he understood the release to bar only claims on which no action had been taken prior to the execution of the General Release, the unambiguous language of the General Release, rather than Mr. Caines's subjective understanding, controls. *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) ("[w]ith unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant."). Since Mr. Caines has not alleged "duress, illegality, fraud, or mutual mistake," *see Centro Empresarial Cempresa*

5

*S.A.*, 929 N.Y.S.2d at 8, and the Court sees no basis for any such argument, Mr. Caines is bound by the terms of the General Release and this lawsuit must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and to close this case.

SO ORDERED.

Dated: May 21, 2018
       New York, New York

_____
GREGORY H. WOODS
United States District Judge